```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 VANESSA JAMES, MARVIN JAMES, AND
 AMBER JAMES,
                                              MEMORANDUM & ORDER
                   Plaintiffs,                22-CV-6750(EK)(PK)

            -against-

 ADMINISTRATION FOR CHILDREN SERVICES,

                   Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        The plaintiffs in this case are parents Vanessa and Marvin James and their now-adult child, Amber.  They allege that the New York City Administration for Children's Services ("ACS") removed Amber from her parents' custody for a period based on "unfounded" accusations, and violated their rights in other ways.  Amber was eventually returned.

        Plaintiffs sued ACS in connection with this removal and subsequent return.  All three are proceeding *pro se*.  The Court construes the complaint as seeking relief under 42 U.S.C. § 1983 and state law.

        The complaint does not plausibly allege a claim on any federal cause of action, and these claims are dismissed.  The Court declines to exercise supplemental jurisdiction over the state-law claims.

## I. Background

The following facts are taken from the amended complaint and assumed true for purposes of the motion to dismiss. *Holmes v. Grubman*, 568 F.3d 329, 332 (2d Cir. 2009). The Court also takes judicial notice of a Queens County Family Court ("Family Court") opinion upon which the complaint relies. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (courts may consider documents upon which the complaint "relies heavily" and are thus "integral" to the complaint"); *In re Dayton*, 786 F. Supp. 2d 809, 814 (S.D.N.Y. 2011) (taking judicial notice of family court documents).[1]

ACS determined that Amber should be removed from her parents' care in August 2007. *See In re Amber Gold James*, No. NN-15465-07, at 2 (N.Y. Fam. Ct. Nov. 29, 2007) ("2007 Family Court Order"), ECF No. 27-2. This decision was based on ACS's conclusions that Vanessa James suffered from Munchausen syndrome by proxy ("MSBP") and that the parents had committed "educational neglect." Am. Compl. 1-2, ECF No. 19. Amber "suffered psychological, physical, and sexual abuse under the care of ACS." *Id.* at 2. Three years after Amber's removal, she "was returned to [her parents'] custody and the [ACS] case was closed in 2011." *Id.* at 1. Following Amber's return,

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

plaintiffs moved to North Carolina, but ACS "abus[ed], harass[ed], and monitor[ed]" them and has continued to do so after the family returned to New York eight years later. *Id.* After plaintiffs' return, ACS failed to make payments due under a "kinship" program. *Id.* at 2.

Reading the complaint liberally, we construe it to allege three Section 1983 claims. First, Amber asserts a violation of the Fourth Amendment in connection with her removal. *Id.* at 1-2. Second, plaintiffs assert a violation of the Fourteenth Amendment's Due Process Clause based on ACS's "tactics" in the Family Court proceedings, such as removing Amber on a day the family did not have counsel present. *Id.* at 1-3. Third, Amber asserts a violation of the Fourteenth Amendment's Due Process Clause for abuse suffered in foster care. *Id.* at 2. The complaint can also be read to assert several state-law claims arising from and since Amber's removal: slander, negligence, breach of contract, and violation of a state statute governing access to records related to child abuse.

ACS has moved to dismiss the amended complaint, arguing that the plaintiffs do not plausibly allege any Section 1983 claim, and that much of the challenged conduct falls outside the statute of limitations. The Court construes

3

plaintiffs' claims as being asserted against the City of New York, given that ACS is not a suable entity.[2]

## II. Legal Standard

On a motion to dismiss, "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). *Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, to survive a motion to dismiss, the complaint must plead sufficient "facts to state a claim to relief that is plausible on its

---

[2] New York City agencies are not independently suable entities, with only a few exceptions (ACS not among them). *See* New York City Charter, Ch. 17 § 396. However, in light of the plaintiffs' *pro se* status, we will read the "complaint liberally and treat[] . . . claims against the defendant as claims against the City of New York." *Farrell v. Child Welfare Admin.*, 77 F. Supp. 2d 329, 331 n.3 (E.D.N.Y. 1999), *aff'd,* 22 F. App'x 65 (2d Cir. 2001).

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court may dismiss an action as time-barred under Rule 12(b)(6) if the defendant raises timeliness "as an affirmative defense and it is clear from the face of the complaint . . . that the . . . claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015).

### III. Discussion

In order to maintain a Section 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). A municipality will be liable only "when execution of a government's policy or custom" inflicts the constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**A.   Amber's Fourth Amendment Claim for Unreasonable Removal**

"When a child is taken into state custody, his or her person is seized for Fourth Amendment purposes.  The child may therefore assert a claim under the Fourth Amendment that the seizure of his or her person was unreasonable." *Southerland v. City of New York*, 680 F.3d 127, 143 (2d Cir. 2012) (citing U.S. Const. amend. IV and *Tenenbaum v. Williams*, 193 F.3d 581, 602 (2d Cir. 1999)).  Because she was a minor when this claim accrued, Amber may pursue it now, notwithstanding Section 1983's three-year statute of limitations in New York.  *See Kane v. Mt. Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 107-08 (2d Cir. 2023).[3]

Still, Amber does not plausibly plead a Fourth Amendment violation.  To do so, she must allege facts suggesting "that the seizure was unreasonable — *i.e.*, that it was not supported by probable cause." *Smith v. Tkach*, 844 F. App'x 414, 416 (2d Cir. 2021).  When a "neutral magistrate" like the Family Court judge issues a warrant, that "creates a presumption" of probable cause.  *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991); *see Tkach*, 844 F. App'x at 416 (applying this presumption to child custody).

---

[3] Amber turned eighteen on October 10, 2019.  Her claims survive an additional three years, as in New York, the statute of limitations is tolled until a plaintiff reaches 18 years of age.  C.P.L.R. 208.  Though the complaint was filed after Amber's twenty-first birthday, the statute of limitations was tolled between March 20, 2020 and November 3, 2020 because of the COVID-19 pandemic.  N.Y. Exec. Order No. 202.8; N.Y. Exec. Order 202.67.

6

Amber was removed pursuant to court order. 2007 Family Court Order 3. The judge then denied a petition for Amber's return after a hearing. *Id.* at 27-34. The complaint sets forth no factual content that would rebut the presumption these orders create. Amber has not, for example, pointed to an affiant who "knowingly and intentionally, or with reckless disregard for the truth" made a false statement. *Golino*, 950 F.2d at 870. Accordingly, this claim must be dismissed, and the complaint cannot be read to assert any other Fourth Amendment claims.[4]

**B.   Due Process Claims**

    1.   Vanessa, Marvin, and Amber's Procedural Due Process Claims

All three plaintiffs bring procedural due process claims in connection with the Family Court proceedings. Specifically, they allege that in 2007, ACS removed Amber from their care on a day that they lacked counsel. "To plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process." *J.S. v. T'Kach*, 714

---

[4] Vanessa and Marvin James allege that after they moved to North Carolina, ACS continued to "monitor[]" and "surveil[]" them. Am. Compl. 1. Notwithstanding this terminology, there are no allegations in the complaint that actually describe a search. The complaint merely alleges that ACS "sent information" to North Carolina authorities "to continue to criminalize and harass" the plaintiffs. *Id.* But the complaint fails to allege that the defendant searched plaintiffs' "person, house, papers, or effects." *Graham v. City of New York*, 869 F. Supp. 2d 337, 355 (E.D.N.Y. 2012) (dismissing Fourth Amendment claims in connection with a child protective investigation).

7

F.3d 99, 105 (2d Cir. 2013). To do so, "a plaintiff must first identify a property right, second show that the government has deprived him of that right, and third show that the deprivation was effected without due process." *Id.* (emphasis omitted).

The statute of limitations bars Marvin and Vanessa's claims related to the 2007 Family Court proceedings, as Amber was removed from custody in August 2007. *See Sevilla v. Perez*, 15-CV-3528, 2016 WL 5372792 (E.D.N.Y. Sept. 26, 2016) (in Section 1983 cases involving the removal of children from custody, "[c]ourts have held . . . that the limitations period begins to run on the date the children were removed").

Amber's claim arising from her removal does not allege a constitutional violation. "[P]rocedural due process requires a hearing prior to depriving a parent of the care, custody or management of their children without their consent or a prompt post-deprivation hearing if the child is removed under emergency circumstances." *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 215 (S.D.N.Y. 2013). Amber was removed under emergency circumstances: a judge concluded she was "at imminent risk of harm." 2007 Family Court Order 3. The family appeared days thereafter. *See id.* at 3-6. Represented by court-appointed counsel, the Jameses testified, introduced evidence, and cross-examined witnesses. *Id.* They received the process that was due. *See, e.g., Green ex rel. T.C. v.*

8

*Mattingly*, No. 07-CV-1790, 2010 WL 3824119, at *8 (E.D.N.Y. Sept. 23, 2010) (rejecting due process challenge to similar family court proceedings). The complaint alleges that the Jameses had no attorney present at the "time of . . . removal." Am. Compl. 2. But the Fourteenth Amendment does not so require. *Cf. Tenenbaum*, 193 F.3d at 594 ("In emergency circumstances a child may be taken into custody . . . without court authorization or parental consent.").

Even if plaintiffs had sufficiently alleged a due process violation, they do not articulate a policy or custom. "Proof of a single incident" — like the one in which an ACS supervisor "insult[ed]" Vanessa James and called her "mentally ill" in 2022, Am. Compl. 2 — does not suffice under *Monell*, "unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma v. Tuttle,* 471 U.S. 808, 823-24, (1985). The complaint goes on to indicate that after "researching ACS and their tactics[, Vanessa James] concluded that ACS has a history of abusing children and their families." Am. Compl. 3. But "boilerplate allegations of unconstitutional policies and practices" such as these are insufficient. *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011).

    2.    <u>Vanessa and Marvin's Substantive Due Process Claims</u>

9

Vanessa and Marvin allege that ACS violated their substantive due process rights by removing their daughter without a valid basis. Am. Compl. 2. The statute of limitations bars their claim, as it accrued when Amber was removed. We do not read the complaint to allege any other substantive due process claims brought by Vanessa and Marvin.

3. Amber's Substantive Due Process Claims

Amber may not pursue a substantive due process claim in connection with her removal, as the Fourth Amendment "provides an explicit textual source of constitutional protection." *Southerland*, 680 F.3d at 142-43.

Finally, Amber has not plausibly pled a constitutional violation in connection with her foster care treatment. Children have a substantive due process right not to be abused or neglected in foster care. *Tkach*, 844 F. App'x at 416. But "a plaintiff must show that the defendant's omissions were a substantial factor contributing to the denial of [that right] and that the defendant was deliberately indifferent to the abuse." *Id.* The complaint includes no such allegations. The complaint alleges that Amber "suffered psychological, physical, and sexual abuse" and "multiple hospitalizations" under ACS care. Am. Compl. 1-2. Plaintiffs' opposition adds that at one point Amber was removed from a home and "punished" by being "throw[n] . . . into" a psychiatric ward. Pl.'s Opp'n 5, ECF

10

No. 28. But that does not plausibly allege that ACS was indifferent to any abuse or neglect. And again, there are no allegations sufficient to hold the City liable under *Monell*.

### IV. Conclusion

For the foregoing reasons, ACS's motion to dismiss is granted. All federal claims are dismissed with prejudice, as plaintiffs have been given leave to amend their complaint once, with the benefit of a pre-motion conference. *See, e.g.*, *Thomas v. Hpopkins*, No. 20-CV-9709, 2022 WL 2758489, at *8 (S.D.N.Y. July 14, 2022); *see also Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018). ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment . . . ."). The Court declines to exercise supplemental jurisdiction over the state-law claims, which are dismissed without prejudice. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2025). The Clerk of Court is respectfully directed to mail a copy of this order to the

plaintiffs, to note the mailing on the docket, to enter judgment, and to close this case.

SO ORDERED.

                                               /s/ Eric Komitee
                                           ERIC KOMITEE
                                           United States District Judge

Dated:    October 23, 2025
           Brooklyn, New York